**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Eliezer Morrera-Vigo,**  Petitioner,  v.  **United States of America,**  Respondent. | CIVIL NO. 16-1867 (PG) |

## OPINION AND ORDER

Before the Court is Eliezer Morrera-Vigo's (hereinafter "petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. On June 23, 2016, the government filed a motion to dismiss the petition (Docket No. 1) arguing that this is a second or successive motion under 28 U.S.C. § 2255, for which petitioner has not obtained authorization from the First Circuit Court of Appeals. See Docket No. 4. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss, and thus, **DENIES** petitioner's second or successive motion to vacate.

### I. PROCEDURAL BACKGROUND

On November 20, 2001, petitioner and four additional co-defendants were convicted of conspiring to distribute in excess of one kilogram of heroin, five kilograms of cocaine, and fifty grams of cocaine base in violation of 21 U.S.C. § 841 (a)(1). See Crim. No. 00-333, Docket No. 498. On appeal, petitioner's conviction was affirmed, but the sentence vacated and remanded. See United States v. Mercado-Irizarry, 404 F.3d 497 (1st Cir.2005). On November 18, 2005, this court resentenced petitioner to the same penalty of life imprisonment. Crim. No. 00-333, Docket No. 864. Judgment was thereafter affirmed on appeal. See Crim. No. 00-333, Docket No. 935. A petition for writ of certiorari to the Supreme Court of the United States and a petition for rehearing were later denied. See Morera-Vigo v. United States, 549 U.S. 1241 (2007). See also Morera-Vigo v. United States, 550 U.S. 929 (2007). Thus, on February 20, 2007, petitioner's conviction became final.

### II. FIRST MOTION UNDER 28 U.S.C. § 2255

On April 15, 2008, petitioner moved to vacate, set aside or modify his sentence under 28 U.S.C. § 2255. See Civ. No. 08-1441, Docket No. 1. That motion was denied with prejudice on October 4, 2011. See Civ. No. 08-1441, Docket No. 17. There, the court found that the one year period of the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) for the filing of a timely § 2255 motion had begun on February 20, 2007, when his writ of certiorari was denied, and expired on February 20, 2008. Insofar as petitioner filed his first §

2255 petition on April 15, 2008, the same was time barred. Petitioner's appeal thereto was subsequently dismissed. See Civ. No. 08-1441, Docket No. 27.

### III.  SECOND MOTION UNDER 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may move for post-conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426–27 n. 3 (1962); Barreto-Barreto v. United States, 551 F.3d 95, 98 (1st Cir.2008); David v. United States, 134 F.3d 470, 474 (1st Cir.1998).

"The burden is on the petitioner to show his entitlement to relief under section 2255." David, 134 F.3d at 474.

Congress has established certain limitations as well as requirements that must be met when seeking relief pursuant to § 2255. Among the limitations is the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255(h).

Before submitting a second or successive petition under § 2255, it is necessary to obtain the proper certification from the court of appeals "authorizing the district court to consider the [§ 2255] application." 28 U.S.C. § 2244(b)(3)(A); Ramirez-Burgos v. United States, 990 F. Supp. 2d 108, 115 (D.P.R.2013); Cintron–Caraballo v. United States, 865 F.Supp.2d 191, 196–197 (D.P.R.2012). Absent the proper certification from the court of appeals, the district court is without jurisdiction and, therefore, precluded from entertaining a § 2255 application. See Bucci v. United States, 809 F.3d 23 (1st Cir.2015)(holding that the district court lacked jurisdiction to entertain defendant's second or successive motion to vacate, and instead, was required to either deny or transfer the same to court of appeals because the defendant never received authorization from said court to file the second or successive motion); see also Trenkler v. United States, 536 F.3d 85 (1st Cir.2008). If a circuit court, upon

request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. See e.g. Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir.2003).

The present petition is a second or successive § 2255 motion, for which petitioner should have requested authorization from the First Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has made no such request. Therefore, this court is precluded from considering his petition. See United States v. Key, 205 F.3d 773, 774 (1st Cir.2000).

### IV.  DISMISSAL OF THE SECOND MOTION

The final issue in the second § 2255 inquiry is whether the petition should be dismissed or transferred to the court of appeals as a request for authorization to file a second petition under § 2255. Before dismissing such petition for failure to obtain the authorization mentioned above, "a court is authorized to consider the consequences of a transfer by taking 'a peak at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir.2000); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988)(discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631); United States v. Caribe-Garcia, 711 F.Supp.2d 225, 227-228 (D.P.R.2010). For example, in a prior case similar to the instant one, the court dismissed a second or successive petition, rather than transferring the same, when, after considering the merits of the motion, it determined that the petitioner's request was without merit. See Muriel-Morales v. United States, No. CIV. 11-1676 PG, 2013 WL 5724054, at *2 (D.P.R. Oct. 21, 2013)

For the following reason, the second or successive motion brought by petitioner warrants dismissal. The petition filed by Morrera-Vigo, as well as his response to the government's motions, is plagued with such convoluted arguments that it unfairly shifts the burden of litigation to the court. This remains true even if the court affords petitioner a more lenient reading given his pro se status. See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir.1991). See also Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers). In effect, the court has had a very hard time understanding the basis of petitioner's request and cannot find a sound legal theory or claim giving rise to the requested relief therein. Accordingly, the court concludes that petitioner's request for habeas corpus relief lacks merit and, therefore, must be dismissed, not transferred. Cf. 28 U.S.C. § 1631.

### V. CONCLUSION

In light of the foregoing, this court finds that petitioner MORRERA-VIGO is not entitled to federal habeas relief on the claims asserted in

his second or successive motion to vacate pursuant to 28 U.S.C. § 2255. Accordingly, the court hereby **GRANTS** the government's motion to dismiss (Docket No. 4), and thus, **DENIES** and **DISMISSES WITH PREJUDICE** petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2255 (Docket No. 1).

## VI.   CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, August 31, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**